NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FREDERICK J. ROBINSON, *Petitioner*.

No. 1 CA-CR 16-0030 PRPC
FILED 7-18-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-114087-001 DT
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Frederick J. Robinson, Douglas
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A,** Judge:

¶1          Petitioner Frederick J. Robinson seeks review of the superior court's order summarily dismissing his second notice for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

¶2          In January 2014, Robinson pled guilty to an amended charge of attempted transportation of marijuana for sale in an amount over the statutory threshold, a Class 3 non-dangerous felony with one prior felony conviction. As stipulated in the written plea agreement, the court then sentenced Robinson to a 5.5-year prison term, a less than the presumptive term.

¶3          Robinson's first attempt to seek post-conviction relief was dismissed in July 2015, after he failed to file a timely petition for post-conviction relief. Robinson filed an untimely second notice of post-conviction relief later in July 2015, indicating an intent to raise a claim of newly discovered evidence, the "rapid decline in the health" of his Mother, which he wrote would have constituted "a super mitigating factor" at sentencing. The superior court summarily dismissed the notice, concluding Robinson failed to meet the required standard for raising claims in an untimely and successive post-conviction relief proceeding. This petition for review followed.

¶4          Contrary to Robinson's argument, the superior court did not err in summarily dismissing the untimely notice of post-conviction relief. Because Robinson's second notice of post-conviction relief was filed more than 90 days after entry of judgment and sentence, it was untimely. Ariz. R. Crim. P. 32.4. Accordingly, Robinson's second notice was required to set forth the "reasons for not raising the claim . . . in a timely manner." Ariz. R. Crim. P. 32.2(b). "If . . . meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed." *Id.* Because no reason was stated by Robinson for his failure to raise the claim of newly discovered evidence in a timely manner in his first

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

proceeding for post-conviction relief, the superior court properly dismissed the notice.

**¶5** The superior court did not abuse its discretion in dismissing Robinson's second notice for post-conviction relief. Accordingly, this court grants review but denies relief.

